ELISHA W. SHAW and others vs. GEORGE WATERHOUSE.

Penobscot.   Opinion February 28, 1887.

*Contract.   Sunday law.   Burden of proof.*

The burden is upon the defendant to prove that a bond, on which he is sued as obligor, was delivered on Sunday, instead of on Monday, the day of its date, if he sets up the Sunday-law in defense of the action. The party affirming fraud or illegality, must prove it.

ON exceptions.

Debt on a bond.

*Powers and Sanborn* and *Davis and Bailey* for plaintiffs, cited: 10 Gray, 68; 10 Cush. 374; *Powers v. Russell*, 13 Pick. 77; *Davis v. Jenney*, 1 Met. 224; *Bayley v. Taber*, 6 Mass. 451.

*F. H. Appleton and John Varney* for defendant.

Upon the instruction especially excepted to, we cite as conclusive, *Small v. Clewley*, 62 Maine, 159; *Heinemann v. Heard*, 62 N. Y. 448.

Plaintiffs cite *Pullen v. Hutchinson*, 25 Maine, 247, and 5 Gray, 400. An examination of both cases will disclose them to be favorable to the position of the court in this case. In the first case, SHEPLEY, J., expressly says: "if the instrument be the foundation of the party's claim, or if he be privy to it, or if it purport to be executed by his adversary, there may be good reason for holding him to strict proof of its execution."

*Hilton v. Smith*, 5 Gray, 400, was not a suit between the original parties, and recognizes the distinction between it and *Burnham v. Allen*, 1 Gray, 496, where the contracting parties were the parties litigant.

The instruction complained of relates rather to the weight of evidence than to the burden of proof, but as a proposition of law, is clearly correct. *Small v. Clewley*, 62 Maine, 155; *Burnham v. Allen*, 1 Gray, 496.

In the 6 Mass. 452 and 25 Maine, 241, cited by the plaintiffs, there was neither a denial of the execution of the instrument declared on, nor any brief statement filed as in this case.

PETERS, C. J.  The defendant is sued upon a written contract bearing date on a week-day; the defense is that it was really signed and delivered on Sunday; the ruling was that, while the plaintiff is aided by the presumption arising from the date of the paper, there being evidence on both sides of the issue, the burden of proof was upon him to show that the instrument was delivered on some lawful day for business and not on Sunday. This was not correct.  The burden of proving the illegal transaction rested on the defendant.

The general rule is, that the burden of proof lies upon the party who takes an affirmative.  Here the defendant affirms the illegality.  It was not necessary that the plaintiff declare that the contract was not made on Sunday, or that it was not illegal. This rule affects defenses generally where fraud or illegality is set up.  Where a transaction is not on its face unfair or illegal, the burden is on the party who assails its fairness or legality to substantiate his objection.  Whar. Ev. § 366, and cases. *Blaisdell* v. *Cowell*, 14 Maine, 370 ; *Winslow* v. *Gilbreth*, 50 Maine, 90.

The usual test employed to determine on which side the burden of proof lies, meets the present case.  Which party would be entitled to a verdict if no evidence be offered on either side of the issue?  Here the plaintiff asserts a contract, and produces it.  Nothing unlawful appears on its face.  The defendant alleges that it was unlawfully made.  If no proof be exhibited either way, the defense fails.

The case of *Small* v. *Clewley*, 62 Maine, 155, relied on by the defendant, does not sustain the defendant's position.  It was there held that the burden of proof was on the plaintiff to show that a note sued by him was given for consideration.  It was necessary for him to allege consideration.  He did allege it. An independent defense was not relied on.  The defendant merely denied one of the substantive averments which the plaintiffs made.  It is argued, however, that when a plaintiff comes into court he necessarily affirms that he is presenting a legal contract.  It may be implied that he does so.  And that is the difference between this case and the case cited.  Affirmations.

merely implied, not expressed, do not require proof. When a note or other contract is declared upon, there may be some sort of implied or silent affirmation by the plaintiff that the instrument produced in evidence was not fraudulently obtained; or that it was not an usurious contract; or given for an illegal consideration; or that the maker was not a minor or insane; or laboring under other disqualification. Still, if any one of such defenses be alleged, it is to be proved by the defendant, and is not to be disproved by the plaintiff. In the case before us, date is not an essential matter of allegation or proof, except to correctly identify the paper declared upon.

In *Pullen* v. *Hutchinson*, 25 Maine, 249, it is said: "The party producing it (a written contract) is not required to proceed further upon a mere suggestion of a false date, where there are no indications of falsity found upon the paper, and prove that it was actually made on the day of its date." In *Bayley* v. *Taber*, 6 Mass. 451, certain notes declared upon were valid if issued before a certain date and invalid if issued after such date. They were dated before. "When," said PARSONS, C. J., "the defendants would avoid their promise by availing themselves of the statute, it is incumbent on them to prove that the notes are within the statute; and the plaintiffs are not obliged to show that the notes are without the statute." In *Nason* v. *Dinsmore*, 34 Maine, 391, where the defense was that a bond was made on the Lord's day, the court said: "The defendants allege an infirmity in the bond, which does not appear on its face, and the burden of proof is on them to show its existence."

*Exceptions sustained.*

WALTON, DANFORTH, EMERY, FOSTER and HASKELL, JJ., ·concurred.